UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL C. and TERESIA S. GRUBBS, husband and wife; NORTH CASCADES NATIONAL BANK, a member of FDIC; DANIEL HAMMONS, individually and in his official capacity; ANN SMITH, individually and in official capacity; JOHN and JANE DOES I-X, individually and in official capacities,<br><br>  Defendants. | NO. CV-05-315-RHW<br><br>**ORDER DENYING MOTION TO RECONSIDER** |

Before the Court are Plaintiff's Motion for Reconsideration (Ct. Rec. 33) and Motion to Reopen Case to Consider Motion for Reconsideration (Ct. Rec. 34). These motions were heard without oral argument. For the reasons stated below, the Court denies the Government's motions.

The parties are familiar with the facts and procedural history of this matter, so the Court declines to restate them here. The Government moves the Court to reconsider its Order dismissing the False Claims Act claims against Defendants on the basis of *res judicata* (Ct. Rec. 32). The Government submits that the Court gave much too broad a legal interpretation to the stipulated dismissal language in the adversary proceeding before the Bankruptcy Court, and that the Court did not take into sufficient consideration the context in which the stipulated order of dismissal arose. In support of the Government's contentions, it submits a

ORDER DENYING MOTION TO RECONSIDER * 1

declaration from retired Assistant United States Attorney (AUSA) William Beatty, who represented the Farm Services Agency in its adversary proceeding against the Grubbs in bankruptcy.

In addition to the parol evidence of Mr. Beatty's declaration, the Government argues that the Ninth Circuit does not give a broad interpretation to "could have been brought" language like that found in the stipulated dismissal from the Grubbs' bankruptcy. *In re Daley*, 776 F.2d 834, 838 (9th Cir. 1985), *cert. denied* 476 U.S. 1159 (1986).

Defendants submitted a combined response to Plaintiff's motion for reconsideration. In it, Defendants first note that the Government filed its motion to reconsider untimely—Federal Rule of Civil Procedure 59(e) requires filing within ten days of entry of judgment, and this motion was filed 13 days after the Court's order on February 7, 2007. Defendants also state that the Government has failed to cite any basis upon which reconsideration should be granted.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *See id*.

Defendants argue the Court should not consider Mr. Beatty's declaration because the Government could have filed it earlier in support of its motion to dismiss because the Government had ample opportunity to submit this information and its other arguments at the earlier hearing. Moreover, Defendants submit the

ORDER DENYING MOTION TO RECONSIDER * 2

language of the stipulation of dismissal[1] was not ambiguous in any way, so its meaning is a question of law and the intent of the parties should be discerned from the language of the agreement. In this situation, parol evidence regarding the context or intent behind the agreement is not admissible. Furthermore, Defendants have filed declarations from their respective counsel during the same adversary proceeding claiming that they specifically intended to include the disputed language to settle any and all claims, which is consistent with the Court's original interpretation.

The Government has not provided any new evidence or change in law, nor has it shown the Court's original holding was clearly erroneous. Additionally, the language of the parties' stipulated dismissal in their adversary proceeding is unambiguous, so the Court declines to consider any parol evidence regarding the parties' intent. The Court denies the Government's motions.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration (Ct. Rec. 33) is **DENIED**.

2. Plaintiff's Motion to Reopen Case to Consider Motion for Reconsideration (Ct. Rec. 34) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to forward copies to counsel.

**DATED** this 21st day of March, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Grubbs\reconsider.ord.wpd

---

[1] "That all claims which have been brought, or which could have been brought in this adversary proceeding, have been fully settled, and that the adversary proceeding shall be and hereby is dismissed with prejudice and without an award of costs or attorneys' fee to any party."

ORDER DENYING MOTION TO RECONSIDER * 3